# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

_____X
In re:                              :
                                    :
Salvatore Taliercio and             :    Chapter 7
AnnMarie Taliercio,                 :    Case No. 11-51732
                                    :
        Debtors.                    :
_____X

Appearances:

Timothy Miltenberger, Esq.                      :    For the Ch. 7 Trustee
Coan, Lewendon, Gulliver & Miltenberger, LLC    :
495 Orange Street                               :
New Haven, CT                                   :

David R. Bondi, Esq.                            :    For the Debtors
940 White Plains Road                           :
Trumbull, CT                                    :

Bankruptcy Judge Alan H. W. Shiff:

### MEMORANDUM AND ORDER ON
### OBJECTION TO EXEMPTION

The Chapter 7 Trustee objects to a homestead exemption the debtors have claimed in property owned, but not occupied by them at the time they filed for bankruptcy protection. For the reasons that follow, the Trustee's objection is sustained.

### Background

The following facts are not in dispute. The debtors own 22 Hillandale Manor in Norwalk, Connecticut upon which is located a three-story residence (hereafter, "Property"). Prior to January 9, 2011, the debtors and their children resided in the Property as their primary residence. However, as a result of a residential lease dated December 7, 2010, the debtors agreed to rent the Property to a third party from January 9, 2011 through January 31, 2012. *See* Trustee's Trial Exh. 1 ("Lease"). The monthly rent for the Property was $2,950.00. *See id.* at ¶1.

At the January 25, 2012 trial on the claim objection, Mr. Taliercio testified that during the term of the Lease, he reserved the right to access storage areas in the attic and the basement to retrieve stored personal property. That arrangement was not contained in the provisions of the Lease. To the contrary, the Lease had a provision regarding quiet enjoyment of the Property, to wit:

> 6. Quiet Enjoyment. Lessor [*i.e.*, the debtors] covenants that on paying the rent and performing the covenants herein contained, Lessee shall peacefully and quietly have, hold, and enjoy the demised premises for the agreed term.

*Id.*

In August 2010, SunTrust Bank ("SunTrust") commenced a foreclosure action against the Property. Although Mr. Taliercio testified he did not know about the resulting January 31, 2011 foreclosure judgment in favor of SunTrust, he did know that his attorney "moved to open" that judgment to extend the sale date ordered by the state court.

On August 25, 2011, one day before the foreclosure sale date, the debtors commenced this chapter 7 case. *See* Trustee's Trial Exh. 2. AnnMarie Taliercio ("AnnMarie") is listed as a "Joint Debtor (Spouse)".[1] *Id.* According to their petition, the debtors' street address was 12 Fullmar Lane in Norwalk, Connecticut ("Fullmar Lane Residence"). No other address was provided. *See id.* Mr. Taliercio testified that he was residing at the Fullmar Lane Residence when he filed for bankruptcy relief and that it is owned by his "mother-in-law". *See, supra*, note 1.

On October 13, 2011, the debtors amended their Schedule C in order to claim their exemptions under Connecticut state law. *See* 11 U.S.C. § 522(b)(3) (permitting a debtor to claim a state's exemptions). Using the state law, they claimed a $150,000 aggregate homestead exemption. (*See* doc. #38.) On October 14, 2011, the Trustee objected. As the objecting party, the Trustee has the burden of proving that the

---

[1] Mr. Taliercio testified that he was divorced from AnnMarie on January 15, 2009, but that they have continued to cohabit. The Trustee did not raise any issue as to AnnMarie's status as a joint debtor or her eligibility to claim the subject homestead exemption.

homestead exemption is not properly claimed. See Fed. R. Bankr. P. 4003(c).[2]

## Discussion

In Connecticut, "any natural person shall be" entitled to exempt, *inter alia*, "(t)[t]he homestead of the exemptioner to the value of seventy-five thousand dollars . . . provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it . . ." Conn. Gen. Stat. § 52-352b(t) (2009). A "homestead" is defined as *"owner-occupied* real property . . . used as a primary residence." *Id.* at § 52-352a (e) (2005) (emphasis added). See also *In re Kujan*, 286 B.R. 216, 220-21 (Bankr. D. Conn. 2002) (LMW). This court follows its sister court in holding:

> [T]here are three requisites for real property to constitute an individual's statutory homestead. First, the individual must "own[ ]" the subject real property within the meaning of Section 52-352a as of the relevant time. Second, the individual must "*occup[y]*" the subject real property within the meaning of Section 52-352a as of the relevant time. Third, the subject real property must be "used as a primary residence" within the meaning of Section 52-352a as of the relevant time.

*In re Kochman*, No. 11-50111, 2011 WL 5325792, slip op. at *1, n.2 (Bankr. D. Conn. Nov. 3, 2011) (emphasis added) (quoting *In re Kujan*, 286 B.R. at 220-21; see also *KLC, Inc. v. Trayner*, 426 F.3d 172, 175 (2d Cir. 2005) (citing *Kujan* as "setting out 'homestead' requirements for invocation of homestead exemption").

The parties agree that for the purposes of this analysis the debtors' claimed exemptions were timely and that the relevant time for claiming them was "the date of the filing of the petition", see § 522(b)(3). Further, there is no dispute that the debtors owned the Property, thereby satisfying the "ownership" prong of the triparted statutory homestead requirement. Likewise, there is no question but that the debtors were not using the Property as their "primary residence" on the date of the filing of their petition.

---

[2] At the January 25, 2012 hearing, the court stated that the debtors had the burden of proof, and counsel agreed. That is incorrect.

As noted, they listed a different address on their petition, and Mr. Taliercio admitted that fact. The issue is, therefore, narrowed to whether the debtors occupied the Property within the meaning of C.G.S. § 52-352a.

The debtors argue that the word "occupy' must be broadly construed. They claim they were temporarily not occupying the Property, the Lease was only for one year, and they intended to move back when the Lease expired. Mr Taliercio testified that his family temporarily rented the Property because they were experiencing financial problems, but he reserved the right to go in and out any time he wished since he stored personal property there. He further claims that he was frequently at the Property to maintain the grounds.

There is little doubt that Mr Taliercio, like countless others, is the victim of a weakened economy. Doubtless, he is an honest, hard-working man, trying to take care of his family. Indeed, he is the kind of individual the bankruptcy code and policy are intended to assist by providing him with an economic fresh start. Nonetheless, the debtors' argument is unavailing.

The argument that "occupy" may be construed to include an "intention to occupy" nullifies the essence of a "homestead". By the debtors' logic, the Property may be their homestead even though they had given up the right to use it as a home eight months before they filed this chapter 7 case.

## Conclusion

Accordingly, finding the debtors did not occupy the Property when they filed for bankruptcy protection,

IT IS ORDERED that the Trustee's objection to the claimed homestead exemption is sustained.

Dated this 10th day of February 2012 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge